**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

**January 16, 2020**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| ROGELIO GARCIA, | § | |
| Institutional ID No. 2152657, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:19-CV-210-BQ |
| v. | § | |
| | § | (Consolidated with No. 5:19-CV-222-H) |
| LORIE DAVIS-DIRECTOR | § | |
| TDCJ-CID, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Rogelio Garcia filed a Complaint under 42 U.S.C. § 1983 on October 3, 2019, complaining of events alleged to have occurred during his incarceration in the Texas Department of Criminal Justice's (TDCJ) Price Daniel Unit in Snyder, Texas. ECF No. 1. The district judge transferred this matter to the undersigned magistrate judge for preliminary screening. On December 13, 2019, Garcia filed an Amended Complaint, alleging the events occurred at the Garza West Unit in Beeville, Texas. ECF No. 19. After reviewing Garcia's Amended Complaint and authenticated records from TDCJ, the Court concludes that the Corpus Christi Division of the Southern District of Texas is the proper venue for this action.

A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). Venue in a civil rights action is governed by the general venue provisions of 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). Section 1391(b) provides that civil cases not founded solely on diversity of citizenship *must* be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions

1

giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).  A court may also transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice" (28 U.S.C. § 1404(a); *see also Hardwick v. Brinson,* 523 F.2d 798, 800 n.2 (5th Cir.1975)), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In his Amended Complaint, Garcia alleges that he reported to a "Captain and Sergeant" that "Security Threat Group (S.I.G.) members" had threatened him.  Am. Compl. 4, ECF No. 19.  Garcia asserts that the officers stated they would move him but they did not.  *Id.*  Garcia contends thereafter, on October 31, 2017, at the Garza West Unit, two inmates beat and raped him.  *Id.*  Authenticated records from TDCJ reflect that Garcia reported the occurrence of a similar incident at the Garza West Unit on October 30, 2017.  The Garza West Unit is located in Beeville, Texas— a city in Bee County.  Bee County, Texas, is located in the Corpus Christi Division of the Southern District of Texas.  *See* 28 U.S.C. § 124(b)(6).  Because it appears a substantial part of the events or omissions giving rise to Garcia's claims occurred in Bee County, the Court finds that this case should be transferred to the Southern District of Texas for the convenience of the parties and witnesses, and in the interest of justice.

It is therefore, **ORDERED** that, for the convenience of the parties and in the interest of justice, and under the authority granted by this court's Miscellaneous Order No. 6 (9/22/1997), the Clerk of Court shall **TRANSFER** this action to the United States District Court for the Southern District of Texas, Corpus Christi Division, in accordance with 28 U.S.C. §§ 1404(a) and 1406(a).

**SO ORDERED.**

Dated: January 15, 2020.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE