Case 2:20-cv-00019   Document 32   Filed on 04/27/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGELIO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-19 |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DENY PLAINTIFF'S MOTION TO AMEND

Plaintiff Rogelio Garcia, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion to Amend. (D.E. 29). For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

**I.     BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Price Daniel Unit in Snyder, Texas. Plaintiff's allegations arise in connection with his previous housing assignment at the Garza West Unit in Beeville, Texas.

On October 3, 2019, the Lubbock Division of the Northern District of Texas received Plaintiff's original complaint. (D.E. 1). Plaintiff named as the sole defendant

Lorie Davis, the TDCJ's Director. Plaintiff claimed that Director Davis failed to properly train employees at the prison unit to prevent him from being raped. (D.E. 1, p. 4). Plaintiff did not identify any other individual in his original complaint. United States Magistrate Judge D. Gordon Bryant Jr., in the Northern District of Texas, directed TDCJ officials to file authenticated and verified copies of any and all records pertaining to Plaintiff's allegations. (D.E. 14). The authenticated records were originally filed in the Northern District of Texas.

On December 13, 2019, Plaintiff was granted leave to file an amended complaint. (D.E. 18). Plaintiff's amended complaint was docketed that day, naming Director Davis as the sole defendant. Plaintiff claimed that Director Davis failed to enforce the Prison Rape Elimination Act (PREA), which would have prevented him from being raped by inmates who had threatened him. While not naming any additional defendants, Plaintiff stated that he had reported threats to his safety to a captain and sergeant but that they did move him before he was raped. (D.E. 19, p. 4). He sought monetary and injunctive relief.

On January 20, 2020, Plaintiff's case was transferred to this Court. (D.E. 20). The Court subsequently received the authenticated records from the Northern District. (D.E. 24). A *Spears*[1] hearing was conducted on February 18, 2020. Plaintiff subsequently filed a letter which contained additional allegations. (D.E. 27).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

On April 8, 2020, the undersigned issued a Memorandum and Recommendation (M&R). (D.E. 28). Upon review of Plaintiff's submissions and testimony at the *Spears* hearing, the undersigned added the TDCJ and the State Inspector General as defendants in this case. The undersigned recommended that Plaintiff's complaint against Director Davis, the TDCJ, and the Inspector General be dismissed with prejudice for failure to state a claim for relief and/or as frivolous and that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). (D.E. 28).

Plaintiff has filed objections to the M&R. (D.E. 29). The M&R and objections are currently pending before District Judge Nelva Gonzales Ramos. The relevant allegations set forth have been set forth in the M&R, which are incorporated by reference herein.

On April 22, 2020, the Court received a letter from Plaintiff that was initially docketed as his motion for appointment of counsel. (D.E. 29). In the letter, Plaintiff asks for the opportunity to bring a failure-to-protect claim against "the Captain." (D.E. 29, p. 2). Plaintiff states that "the Captain" ignored his reports of being threatened by other inmates, which led to his rape on October 31, 2017. (D.E. 29, p. 2). The undersigned construes this request as a Motion to Amend.

## II.  DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine*

*Research, Inc.*, 401 U.S. 321, 330 (1971); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

A federal court has discretion to deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCoy v. Alamu*, 950 F.3d 226, 234, n. 12 (5th Cir. 2020). "An amendment is futile if, after the amendment, the complaint would still 'fail to state a claim upon which relief could be granted.'" *Burnette v. RateGenius Loan Services, Inc.*, 671 F.3d 889, 894 (5th Cir. 2016) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)). Plaintiff's Motion to Amend should be denied because his proposed amendment would be futile for failing to state a claim because the applicable statute of limitations' period for bringing claims against "the Captain" has expired.

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). In other words, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (quoting *Piotrowsky*, 237 F.3d at 576).

Plaintiff's allegations, taken as true, reflect that he reported threats of being attacked by other inmates to "the Captain" at some point in time before October 31, 2017. At the latest, Plaintiff had reason to know of his injuries associated with the Captain's conduct in failing to protect him on October 31, 2017, the day he was attacked and raped by inmates at the West Garza Unit. Thus, the two-year limitations period with respect to Plaintiff's claims against "the Captain" expired two years later on October 31, 2019.[2] Pursuant to the prison mailbox rule, the undersigned finds that Plaintiff's original complaint was filed in the Northern District of Texas on September 3, 2019.[3] Plaintiff filed his civil rights action within two years of the day Plaintiff was allegedly raped.

Plaintiff, however, first mentioned an individual described as a captain in his amended complaint. While the amended complaint was docketed in the Northern District of Texas on December 13, 2019, the undersigned finds that it was filed in that Court under the prison mailbox rule on December 8, 2019, the date it was executed by Plaintiff. (D.E. 17-1, p. 5). Plaintiff, nevertheless, did not seek to add an individual described as "the Captain" at the time he filed his amended complaint. Plaintiff for the first time in his Motion to Amend dated April 18, 2020 moves to add "the Captain" as a defendant in this case.

---

[2] The two-year statute of limitations is tolled while a prisoner exhausts his administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). Plaintiff, however, testified at the *Spears* hearing that he never filed a grievance against any particular prison official complaining about that official's failure to protect Plaintiff. (D.E. 25, p. 9).

[3] *Pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). Plaintiff executed his original complaint on September 3, 2019. (D.E. 1, p. 5). The undersigned will assume that Plaintiff deposited his original complaint into the prison mailing system on September 3, 2019.

Plaintiff failed to describe or seek to sue "the Captain" until after the two-year limitations period had expired. The issue, therefore, becomes whether any amendment adding "the Captain" in this case relates back to the filing date of the original complaint in order to avoid a limitations bar. Federal Rule of Civil Procedure 15(c) permits an amendment to a complaint to relate back to the date the original complaint was filed. This rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *See Miller v. Mancuso*, 388 F. App'x 389, 391 (5th Cir. 2010) (unpublished) (emphasis added) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citation omitted)).

However, the failure to identify individual defendants cannot be characterized as a mistake. *Miller*, 388 F. App'x. at 391. In the case of a "John Doe" defendant, the Fifth Circuit Court of Appeals has held, "there [is] no 'mistake' in identifying the correct defendant; rather, the problem [is] not being able to identify that defendant." *Jacobsen*, 133 F.3d at 321. In other words, where the failure to name the correct defendants was the result of lack of knowledge of their identity rather than a mistake in their names, relation back under Rule 15(c) does not apply. *Id.*

Liberally construed, Plaintiff first offered allegations regarding wrongdoing by a captain in his amended complaint filed on December 8, 2019. He then did not seek to amend his complaint and add "the Captain" until he filed his Motion to Amend on April 18, 2020. Furthermore, in neither his amended complaint nor Motion to Amend has Plaintiff actually identified the specific captain who allegedly failed to protect Plaintiff.

Because Plaintiff failed to identify "the Captain" at the time his complaint was filed and such failure was not the result of any mistake, Rule 15(c)'s "relation back" doctrine does not apply. *Jacobsen*, 133 F.3d at 321. *See Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 947 (S.D. Tex. 2013) ("A failure to name the correct defendant due to a lack of knowledge of the proper party is not a mistake and will not allow a plaintiff to avail itself of the relation back doctrine.") (citation omitted). Plaintiff's failure-to-protect claim against "the Captain," therefore, would be time-barred because he was not referenced until after the two-year limitations period had expired and has yet to this day even been identified.

### III. CONCLUSION

Because Plaintiff's proposed amendment seeking to sue "the Captain" would be futile as time-barred, it is respectfully recommended that Plaintiff's Motion to Amend (D.E. 29) be **DENIED**.

Respectfully submitted this 27th day of April 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).